UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Cr. Nos.: 7:02-55, |
| Plaintiff, | ) | 7:02-509, & 7:02-528 |
| v. | ) | |
| | ) | **ORDER** |
| Edgar L. Burton, Sr. | ) | (Written Opinion) |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court on Defendant's *pro se* Motions[1] requesting this Court to "order the . . . release [of] monies that have been taken and withheld from [him] while serving" his sentence. For the reasons stated below, Defendant's Motions are DENIED and DISMISSED without prejudice.

### Background

On May 3, 2002, Defendant pled guilty to counts 1, 2, 3, and 4 of the superseding indictment in criminal case number 7:02-cr-00055. On May 29, 2002, Defendant pled guilty to count 1 of the Information in criminal case number 7:02-00509 and to count 1 of the Information in criminal case number 7:02-cr-00528.

On September 20, 2002, the Court sentenced Defendant in all three of the above criminal cases to a term of 130 months imprisonment, to run concurrently. The Court ordered Defendant to pay a $100.00 mandatory assessment fee for each

---

[1] Defendant filed identical Motions under criminal case numbers 7:02 cr 00055, 7:02 cr 00509, and 7:02 cr 00528.

count, for a total of $600.00 for all three cases,[2] and ordered Defendant to pay restitution in each case.[3] All of Defendant's restitution was due immediately. (*Id.* at 5; Judgment 5, Dkt. No. 7:02-509, ECF No. 13; Judgment 5, Dkt. No. 7:02-528, ECF No. 13. ) Additionally, for each order of restitution, the Court outlined that Defendant would need to make monthly payments of at least $100.00 until the balance of his restitution was paid in full, starting within thirty (30) days of his release from imprisonment to a term of supervision. (*Id.*; Judgment 5, Dkt. No. 7:02-509, ECF No. 13; Judgment 5, Dkt. No. 7:02-528, ECF No. 13. )

Defendant did not file an appeal in any of the above mentioned criminal cases. On February 7, 2011, under all three case numbers, Defendant filed this Motion.

## Standard of Review

Defendant brings this claim *pro se*. District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982)

---

[2] Under case number 7:02 cr 00055, the Court ordered Defendant to pay a $400.00 mandatory assessment fee. (Judgment 4, Dkt. No. 7:02 55, ECF No. 50.) The Court ordered Defendant to pay a $100.00 assessment fee in each of the two other criminal cases. (Judgment 4, Dkt. No. 7:02 509, ECF No. 13; Judgment, Dkt. No. 7:02 528, ECF No. 13.)

[3] The Court ordered Defendant to pay $21,054.00 in restitution for case number 7:02 cr 00055 (Judgment 4, Dkt. No. 7:02 55, ECF No. 50); $3,719.00 in restitution for case number 7:02 cr 00509 (Judgment 4, Dkt. No. 7:02 509, ECF No. 13); and $5,705.98 in restitution for case number 7:02 cr 00528 (Judgment 4, Dkt. No. 7:02 528, ECF No. 13).

(per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

However, the requirement of liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). The liberal construction requirement means that if the court can reasonably read the pleadings to state a valid claim on which the party could prevail, it should do so; however, a district court may not rewrite a motion to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the party's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## **Discussion**

Defendant asks this Court to order the Bureau of Prisons (BOP) and the Internal Revenue Service (IRS) "to release the monies that have been taken and withheld from [him] while serving [his] 130 month sentence . . . ." (Mot., Dkt. Nos. 7:02-55 (ECF No. 75), 7:02-509 (ECF No. 38), and 7:02-528 (ECF No. 36).)

Defendant has failed to provide any actionable information regarding the supposed encumbrance the United States has placed on his tax return. Additionally, Defendant has provided no evidence that the BOP deductions have actually occurred or that they are improper. The BOP does have the authority to place a defendant

in the Inmate Financial Responsibility Program (IFRP) based on the wording of the criminal judgment. *United States v. Watkins*, 161 F. App'x 337 (4th Cir. 2006) (unpublished) (per curiam). However, a challenge to payments collected under the IFRP should be filed pursuant to 28 U.S.C. § 2241. *See United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004) ("[C]hallenges to the execution of a federal sentence are properly brought under 28 U.S.C. § 2241."); *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (same). Therefore, Defendant's claim should be filed pursuant to § 2241. The Court advises Defendant that under § 2241, he must first exhaust his administrative remedies through the BOP before seeking relief in federal court, *see United States v. Miller*, No. 1:06-cr-54, 2010 WL 99085, at * 1 (W.D.N.C. Jan. 6, 2010) ("Before seeking relief from any court regarding obligations under the IFRP, a defendant must exhaust all administrative remedies through the B[OP]." (citing *McGhee v. Clark*, 166 F.3d 884, 885 87 (7th Cir. 1999)), and Defendant must file his § 2241 in the district of his confinement, not with the district of the sentencing court.

Additionally, insofar as Defendant is seeking a modification of the Court's Judgment concerning the restitution, the Motion is denied. The restitution order is a final judgment, which the Court lacks jurisdiction to alter except under limited circumstances. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) ("'[T]here is no 'inherent authority' for a district court to modify a sentence as it pleases.'" (quoting *United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir.

2009)). Pursuant to 18 U.S.C. § 3613A, a court may adjust a payment schedule "[u]pon a finding that the defendant is in default on a payment of a fine or restitution." Similarly, 18 U.S.C. § 3664(k) allows a court to "adjust the payment schedule, or require immediate payment in full" upon receiving notice of a material change in a movant's economic circumstances.

There is no evidence that Defendant is in default of his obligation, and Defendant has not shown a material change in his economic circumstances so as to warrant a modification of his restitution. The Court was aware at sentencing that Defendant would have to make these payments after serving 130 months in prison. For that reason, the Court ordered that upon release from prison Defendant would have thirty (30) days before his first monthly restitution payment was due for each criminal case.

Accordingly, Defendant's Motions are DENIED and DISMISSED without prejudice.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

March 1, 2011
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Defendant has the right to appeal this Order within sixty (60) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**